## In re INTERNATIONAL RESISTANCE CO.

### Patent Appeal No. 3215.

Court of Customs and Patent Appeals.

April 2, 1934.

Janney, Blair & Curtis, of New York City (Paul A. Blair and J. Harold Kilcoyne, both of Washington, D. C., and George Crompton, Jr., of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an appeal from a decision of the Commissioner of Patents affirming the decision of the Examiner of Trade-Marks refusing registration of the word "Metallized" as a trade-mark for use on radio resistors.

The primary ground upon which the decision appealed from rests is that the word is either descriptive or misdescriptive.

The following are definitions of "Metallized":

"a. To make metallic; to coat with metal; to impregnate with a metal or metallic compound." Webster.

"1. To turn into metal; infuse mineral or metallic particles into, as the pores of wood." Funk & Wagnalls.

For appellant it is not only conceded but contended that the word, as appellant applies

it, is misdescriptive, since there is no metallization of any character in its resistors, but it is insisted that the statute does not prohibit the registration of misdescriptive words. Rather, it is argued that the trade-mark registration act mandatorily requires the registration of all marks not falling within the exceptions therein specifically named, and that misdescriptive marks are not so named.

 The question of the right to register a misdescriptive trade-mark came, for the first time, before this court in the case of In re Bonide Chemical Co., Inc., 46 F.(2d) 705, 18 C. C. P. A. 909, decided February 3, 1931.

We there pointed out that little direct authority had been found upon the "purely registration" feature of such marks, and said: "* * * This is probably due to the fact that there have been few instances where attempts have been made to register marks upon their face[s] descriptive, but avowed in the application not to be, for the reason that it was intended to use them upon products that would not conform to the implication or meaning of the marks."

Such authorities as we found that seemed pertinent were cited; the principal one being Worden & Co. v. California Fig Syrup Co., 187 U. S. 516, 23 S. Ct. 161, 164, 47 L. Ed. 282, wherein it was said that: "* * * Where any symbol or label claimed as a trade-mark is so constructed or worded as to make or contain a distinct assertion which is false, *no property can be claimed on it,* or, in other words, the right to the exclusive use of it cannot be maintained." (Italics ours).

Ownership is a prerequisite of registration, and it is our view, under the rule announced by the Supreme Court in California Fig Syrup Co. Case, supra, that one cannot acquire exclusive use, and therefore ownership, of a misdescriptive term.

Other citations bearing upon the question will be found in the opinion in the Bonide Chemical Co. Case, supra.

In the case of In re Brunswick-Balke-Collender Co., 56 F.(2d) 890, 19 C. C. P. A. 1055, we held the mark, registration of which was there sought, to be either descriptive or misdescriptive, and in either event nonregisterable.

We find nothing in the case at bar which distinguishes it in principle from the cases cited, supra.

The brief for appellant is an elaborate one, citing many authorities upon different points raised, but there are no citations and no arguments advanced which convince us that we were in error in the rule laid down relative to the registerability of misdescriptive marks, and we adhere thereto.

The primary ground upon which the Commissioner's decision rests is in entire accord with that rule and, since this is decisive of the case, the other grounds require no review by us.

The decision of the Commissioner of Patents that appellant is not entitled to the registration sought is affirmed.

Affirmed.

HATFIELD, Associate Judge, did not participate.